UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| VICKI HALTERMAN, o/b/o<br>LARRY E. HALTERMAN | * | CIVIL ACTION NO. 08-0004 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE,<br>COMMISSIONER, SOCIAL<br>SECURITY ADMINISTRATION | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees filed by plaintiff, Vicki Halterman pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [doc. # 16]. The Commissioner does not oppose the motion, except for the proposed hourly rate for the 1.8 hours of work performed prior to 2008. (*See,* Def. Response [doc. # 18]). For reasons stated below, it is recommended that plaintiff's motion be GRANTED, and that the Commissioner be ordered to pay attorney's fees in the amount of $ 4,860.00 (1.8 hours at $ 125.00 per hour, plus 30.9 hours at $ 150.00 per hour); expenses of $ 53.71; and costs of $ 350.00.

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.

*Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable both in the amount of time spent on the services performed and in the hourly rate sought for work performed in 2008 and beyond. *See, Williams v. Astrue*, Civil Action Number 07-2124 (W.D. La.) (implementing hourly rate of $150 for work performed in 2008 and beyond). However, for the 1.8 hours of work performed by counsel in 2007, the hourly rate will be limited to $ 125 per hour. *Id*. Accordingly,

IT IS RECOMMENDED that the Petition for Attorney Fees be GRANTED, and that the Commissioner be ordered to pay attorney fees in the amount of $ 4,860.00 (1.8 hours at $ 125.00 per hour, plus 30.9 hours at $ 150.00 per hour); expenses of $ 53.71; and costs of $ 350.00 to plaintiff's attorney(s).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[1] On February 23, 2009, the District Judge entered a judgment reversing and remanding this case to the Commissioner for further proceedings.

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th of June, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE